DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: darren.brenner@akerman.com
Email: scott.lachman@akerman.com

*Attorneys for Defendant*
*Twin City Fire Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WEST EDNA ASSOCIATES, LTD. DBA MOJAVE ELECTRIC, a Nevada corporation,<br><br>Plaintiff,<br>v.<br>TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation, and HARRIS INSURANCE SERVICES, INC., a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:  2:19-cv-00607<br><br>**PETITION FOR REMOVAL** |

Defendant Twin City Fire Insurance Company ("Twin City") removes this action from the Eighth Judicial District Court in Clark County, Nevada, Case No. A-19-790664-C to the United States District Court for the District of Nevada. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

**I.   INTRODUCTION**

This is an action seeking insurance coverage and alleging bad faith action arising out of a liability insurance policy issued by Twin City to plaintiff West Edna Associates, Ltd. DBA Mojave Electric ("Mojave"). Mojave alleges that Twin City wrongfully denied insurance coverage for a lawsuit filed against it in Clark County District Court styled *Cashman Equipment Co. v. Cam Consulting Inc., et al.*, Case No. A-11-642583-C (the "Underlying Action").

38522793v1
48550019;1

The Underlying Action was filed on September 30, 2011. [**Exhibit A**, Complaint, ¶ 19] However, Mojave did not provide notice of the Underlying Action to Twin City until February 25, 2013. [*Id.* ¶ 31] Twin City declined coverage on the grounds of late notice, as well as an exclusion in the Policy for claims arising from alleged liability under a contract. [*Id.* at ¶¶ 33-36] Mojave ultimately settled the Underlying Action. [*Id.* at ¶ 25] Mojave alleges that it incurred $1,739,565.54 in fees and expenses in defending and settling the Underlying Action, "all of which are covered under the Policy." [*Id.* at ¶ 26] The insurance policy at issue has a limit of liability of $1,000,000. [*Id.* at ¶ 9]

Mojave asserts three causes of action against Twin City: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) insurance bad faith. [*Id.* at ¶¶ 44-62] Mojave alleges that it has suffered damages in excess of the state jurisdictional limit, and has and will continue to incur additional attorneys' fees and costs in this action. [*Id.* at ¶¶ 48-45, 54-55, 60-62, prayer for relief] Mojave also seeks punitive damages and pre- and post-judgment interest. [*Id.* at ¶ 61, prayer for relief]

Mojave named Harris Insurance Services, Inc. ("Harris"), a Nevada corporation, as a defendant in this action. [*Id.* at ¶ 3] Mojave alleges that it engaged Harris as its insurance broker in early 2012 "to assist Mojave in purchasing a commercial insurance policy." [*Id.* at ¶ 6] It further alleges that Harris was aware of the underlying action in September 2011 and subsequently, but did not submit a claim to Twin City until February 25, 2013. [*Id.* at ¶¶ 65-68] Mojave asserts a count against Harris for negligence. [*Id.* ¶¶ 63-71]

Twin City now removes this action based on diversity between the parties and that more than $75,000 is at issue, exclusive of interest and costs. Mojave has improperly joined Harris, which must be ignored for purposes of diversity.

II.   **THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

   A.   **The Removal is Timely**

Mojave filed this action in the Eighth Judicial District Court, Clark County, Nevada on March 7, 2019. [**Exhibit A**, Complaint] A summons for Twin City was issued on March 8, 2019. [**Exhibit B**, Summons] Mojave served Twin City by its out-of-state registered agent on March 11,

38522793v1
48550019;1

1   2019. [**Exhibit C**, Service of Process Transmission; **Exhibit D**, Affidavit of Service]  As Mojave did
2   not serve Twin City through the Nevada Division of Insurance, proper service was not accomplished
3   and the 30-day time period for removal has not begun to run.  *See Sharpless v. Geico General Ins.*
4   *Co.*, No.: 2:16-cv-00768-GMN-CWH, 2016 WL 6804870, at *2 (D. Nev. Nov. 16, 2016); *Maple*
5   *Park P'ship v. Civil Services Employees Ins. Group*, No. 2:09–cv–00403–KJD–RJJ, 2009 WL
6   1312381, at *1-2 (D. Nev. May 7, 2009).   However, to the extent that service is deemed to have
7   been accomplished on March 11, 2019, Twin City has filed this notice within the 30-day period for
8   removal.

9         **B.**      **The Complaint Alleges Damages In Excess Of $75,000.00**

10  28 U.S.C. § 1332(a) provides that "the matter in controversy [must] exceed the sum or value
11  of $75,000, exclusive of interest and costs" for diversity jurisdiction to lie. "The amount in
12  controversy is simply an estimate of the total amount in dispute, not a prospective assessment of
13  [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).
14  While Twin City does not concede liability, Mojave's claims put this matter well in excess of the
15  $75,000.00 requirement.  In this action, Mojave seeks coverage from Twin City, pursuant to an
16  insurance policy with a $1,000,000 policy limit, for alleged fees and expenses of $1,739,565.54
17  allegedly incurred in the Underlying Action [**Exhibit A**, ¶¶ 9, 26]  It demanded that amount shortly
18  before filing this action.  [**Exhibit E** at 4]  Mojave also seeks punitive damages and pre- and post-
19  judgment interest.  [**Exhibit A**, at ¶ 61, prayer for relief]

20        **C.**      **Mojave and Twin City are Diverse**

21  Mojave alleges it is a corporation organized under the laws of the state of Nevada, with its
22  principal place of business in Nevada. [**Exhibit A**, ¶ 1]  Twin City is a corporation organized under
23  the laws of the state of Indiana, with its principal place of business in Connecticut.  The citizenship
24  of the unnamed defendants is disregarded.  *See* 28 U.S.C. § 1441(b).

25        **D.**      **Harris is Improperly Joined as a Defendant**
26            **1.**      **Legal Standard**

27  Generally, removal under 28 U.S.C. § 1332 requires complete diversity.  However, the Ninth
28  Circuit recognizes an exception to this requirement, where a non-diverse defendant has been

"fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a "term of art." *Id.* "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the law suit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state.'" *Id*.

### 2. Mojave Fails to State a Claim Against Harris

From a review of the Complaint allegations and the applicable case law, it is clear that Harris has been fraudulently joined.

The Complaint alleges a single count against Harris for negligence, asserting that "[i]n the event that Mojave's claim is found to be untimely under the Policy, Harris Insurance breached its duty of care to Mojave by failing to ensure that a timely claim was submitted to Twin City." [**Exhibit A**, ¶ 68] The sole basis for this assertion is that Harris was "aware" of the Underlying Action. [*Id.* at ¶¶ 65-67]

The negligence claim against Harris fails as a matter of law because Harris had no legal "duty … to ensure that a timely claim was submitted." The extent of an insurance broker's duty to a client under Nevada law is well settled. As the Nevada Supreme Court has explained: "In Nevada, an agent or broker has a duty to use reasonable diligence to place the insurance and seasonably to notify the client if he is unable to do so. An insurance agent or broker does not owe the insured any additional duties other than procuring the requested insurance." *Flaherty v. Kelly*, 2013 WL 7155078 , at *2 (Nev. Dec. 18, 2013) (internal citations omitted).

In this case, Mojave alleges that Harris was hired to perform a single function: "[T]to assist Mojave in purchasing a commercial insurance policy." [**Exhibit A**, ¶ 6] Under settled Nevada law, Harris was obligated to "procur[e] the requested insurance," but "[did] not owe the insured any additional duties," including the duty to put the insurer on notice of a claim simply because Harris happened to know of its existence. While "insurance brokers may assume additional duties in special circumstances," *Flaherty*, 2013 WL 7155078 , at *2, no such circumstances are alleged in the Complaint.

. . .

4

Under settled Nevada law, Mojave fails to state a claim against Harris. Further, courts outside of Nevada have recognized that a broker has no duty in the alleged circumstances. *E.g., Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 2016 WL 2977274, at *8 (N.D. Ill. May 19, 2016) (granting motion to dismiss claim against broker for failing to provide notice where insured could not cite "any authority suggesting that insurance brokers have a specific duty to provide notice of claims to insurers on behalf of the insured"). Similarly here, there is simply no legal basis for the claim against Harris.

Because Mojave's failure to state a claim against Harris is obvious according to settled rules of" Nevada, Harris's citizenship cannot be considered under the fraudulent joinder doctrine. *Morris*, 236 F.3d at 1067. Accordingly, there is diversity of citizenship and removal of this action is proper.

### E. Twin City Meets All Other Requirements for Removal

Hartford has attached to this notice copies of all process and pleadings served upon it in the state court prior to the filing of this notice. [**Exhibits A-B**]  Twin City will concurrently file a copy of this notice in the Eighth Judicial District Court for Clark County, Nevada. Twin City also concurrently served a copy of this notice on counsel for Mojave and Harris. Twin City further attaches all documents filed in the Eighth Judicial District Court as **Exhibit F**.

DATED this 9th day of April, 2019        **AKERMAN LLP**

/s/ *Scott R. Lachman*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
1635 Village Center Cir., Ste. 200
Las Vegas, Nevada 89134

*Attorneys for Defendant*
*Twin City Fire Insurance Company*

38522793v1
48550019;1

**INDEX OF EXHIBITS**

A.  Complaint Filed in A-11-642583-C

B.  Summons Issued to Twin City

C.  Service of Process Transmission

D.  Affidavit of Service

E.  Letter from P. Byrne to M. Knox dated January 10, 2019

F.  All Other Filings in the Eighth Judicial District Court

38522793v1
48550019;1