# EXHIBIT A
# Complaint filed in
# A-11-642583-C

A-11-642583-C
XXXII

# CIVIL COVER SHEET
Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information

Plaintiff(s) (name/address/phone):
CASHMAN EQUIPMENT COMPANY, a Nevada Corporation,

Attorney (name/address/phone):
Jennifer R. Lloyd-Robinson, Esq., Nevada State Bar #9617
Pezzillo Robinson
6750 Via Austi Parkway, Suite 170
Las Vegas, Nevada 89119
(702) 233-4225

Defendant(s) (name/address/phone):
CAM CONSULTING INC., a Nevada Corporation, ANGELO CARVALHO, an individual; DOES 1-10, inclusive; and ROE CORPORATIONS 1-10, inclusive;

Attorney (name/address/phone): Unknown

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| ☐ **Landlord and Tenant**<br>　☐ Unlawful Detainer<br>☐ **Title to Property**<br>　☐ Foreclosure<br>　☐ Liens<br>　☐ Quiet Title<br>　☐ Specific Performance<br>☐ **Condemnation/Eminent Domain**<br>☐ **Other Real Property**<br>　☐ Partition<br>　☐ Planning/Zoning | **Negligence:**<br>☐ Negligence – Auto<br>☐ Negligence – Medical/Dental<br>☐ Negligence – Premises Liability<br>　　　(Slip/Fall)<br>☐ Negligence – Other | ☐ **Product Liability**<br>　☐ Product Liability/Motor Vehicle<br>　☐ Other Torts/Product Liability<br>☐ **Intentional Misconduct**<br>　☐ Torts/Defamation (Libel/Slander)<br>　☐ Interfere with Contract Rights<br>☐ **Employment Torts** (Wrongful Termination)<br>☐ **Other Torts**<br>　☐ Anti-Trust<br>　☐ Fraud/Misrepresentation<br>　☐ Insurance<br>　☐ Legal Tort<br>　☐ Unfair Competition |
| Probate | Other Civil Filing Types | |
| ☐ Summary Administration<br>☐ General Administration<br>☐ Special Administration<br>☐ Set Aside Estates<br>☐ Probate Trust/Conservatorships<br>☐ Other Probate | ☐ Construction Defect<br>☒ **Breach of Contract**<br>　☒ Building & Construction<br>　☐ Insurance Carrier<br>　☐ Commercial Instrument<br>　☐ Other Contracts/Acct/Judgment<br>　☐ Collection of Actions<br>　☐ Employment Contract<br>　☐ Guarantee<br>　☐ Sale Contract<br>　☐ Uniform Commercial Code<br>☐ **Civil Petition for Judicial Review**<br>　☐ Foreclosure Mediation<br>　☐ Other Administrative Law<br>　☐ Department of Motor Vehicles<br>　☐ Employer's Insurance of Nevada | ☐ **Appeal from Lower Court** *(also check applicable civil case box)*<br>　☐ Transfer from Justice Court<br>　☐ Justice Court Civil Appeal<br>☐ Civil Writ<br>　☐ Other Special Processing<br>☐ Other Civil Filing<br>　☐ Compromise of Minor's Claim<br>　☐ Conversion of Property<br>　☐ Damage to Property<br>　☐ Employment Security<br>　☐ Enforcement of Judgment<br>　☐ Foreign Judgment – Civil<br>　☐ Other Personal Property<br>　☐ Recovery of Property<br>　☐ Stockholder Suit<br>　☐ Other Civil Matters |

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only*.)

☐ NRS Chapters 78-88　　　　☐ Investments (NRS 104B)　　　　☐ Enhanced Case Mgmt/Business
☐ Commodities (NRS 90)　　　☐ Deceptive Trade Practices (NRS 598)　　☐ Other Business Court Matters
☐ Securities (NRS 90)　　　　 ☐ Trademarks (NRS 600A)

Date: June 3, 2011

Jennifer R. Lloyd-Robinson, Esq.
Nevada State Bar # 9617
Pezzillo Robinson
6750 Via Austi Parkway, Suite 170
Las Vegas, Nevada 89119
(702) 233-4225
*Attorney for Plaintiff*

Electronically Filed
06/03/2011 02:37:47 PM

*[signature]*

**CLERK OF THE COURT**

1  **COMP**
Jennifer R. Lloyd-Robinson, Esq.
2  Nevada Bar No. 9617
**PEZZILLO ROBINSON**
3  6750 Via Austi Parkway, Suite 170
Las Vegas, Nevada 89119
4  Tel: (702) 233-4225
5  Fax: (702) 233-4252
*Attorneys for Plaintiff,*
6  *Cashman Equipment Company*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CASHMAN EQUIPMENT COMPANY, a Nevada corporation, | Case No.: A-11-642583-C |
| | Dept. No.: XXXI I |
| Plaintiff, | |
| vs. | COMPLAINT |
| CAM CONSULTING INC., a Nevada corporation, ANGELO CARVALHO, an individual; DOES 1 - 10, inclusive; and ROE CORPORATIONS 1 - 10, inclusive; | |
| Defendants. | |

COMES NOW, Plaintiff, CASHMAN EQUIPMENT COMPANY, (hereinafter "Cashman" or "Plaintiff") by and through its attorneys of record, Pezzillo Robinson, in support of its Complaint against the Defendants named herein and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Cashman, is a Nevada corporation duly authorized to conduct business and conducting business within the State of Nevada.

2. Plaintiff is informed and believes and based thereon alleges that Defendant CAM CONSULTING INC. ("CAM"), is or was at all times relevant to this action, a Nevada corporation authorized to conduct business in the State of Nevada.

-1-

3. Plaintiff is informed and believes and based thereon alleges that Defendant ANGELO CARVALHO ("CARVALHO") is a resident of Clark County, Nevada and the sole owner of Defendant CAM.

4. Defendants sued herein under the fictitious names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff but are believed to reside in the State of Nevada and are in some respect liable for the acts and omissions, whether intentional, negligent or otherwise, alleged herein.

5. Defendants sued herein under the fictitious names of ROE CORPORATIONS 1 through 10, inclusive, are presently unknown to Plaintiff but are believed to be corporations authorized to conduct business in the State of Nevada and are in some respect liable for the acts and omissions, whether intentional, negligent or otherwise, alleged herein.

6. The obligations sued upon herein were performed in Clark County, Nevada.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT AGAINST CAM,**
**DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)**

7. Plaintiff repeats with the same force and effect paragraphs 1 through 6, as if set forth in full.

8. Plaintiff and Defendants entered into an agreement whereby Plaintiff agreed to sell equipment to Defendant ("the Contract") for the total price of $755,893.89. The equipment was to be delivered to the project referred to as the City Hall, in the City of Las Vegas, Nevada (the "Project").

9. Plaintiff provided the equipment to Defendant and delivered to the Project. Defendant agreed to pay Plaintiff for the equipment pursuant to the terms of the Contract.

10. Defendant has breached the terms of the Contract by failing and refusing to pay for the equipment provided by Plaintiff, and now owes a sum in excess of $10,000.00.

-2-

11. Plaintiff has performed all conditions and promises required on its part to be performed under the Contract, except as said performance has been waived, excused or prevented by Defendant's breach of the Contract.

12. Based upon Defendant's breach of the Contract as described above, Plaintiff has been damaged in a sum in excess of $10,000.00, together with fees, costs, and interest thereon as provided in the Contract until paid in full and other such damage according to proof.

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST CAM, DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)

13. Plaintiff repeats with the same force and effect paragraphs 1 through 12, as if set forth in full.

14. All contracts entered into in the state of Nevada contain the implied covenant of good faith and fair dealing.

15. Defendant's intentional failure to pay Plaintiff for the equipment after receiving the funds to pay Plaintiff from the electrical subcontractor on the Project and according to the terms of the Contract constitutes a breach of the implied covenant of good faith and fair dealing.

16. Based on Defendant's breach of the Contract as described above, Plaintiff has been damaged in a sum in excess of $10,000.00, together with fees, costs, and interest thereon as provided in the Contract until paid in full and other such damage according to proof.

## THIRD CAUSE OF ACTION
### (ALTER EGO AGAINST CAM, CARVALHO, DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)

17. Plaintiff repeats with the same force and effect paragraphs 1 through 16, as if set forth in full.

18. Plaintiff is informed and believes and based thereon alleges that Defendant

-3-

1  CAM is not and was not adequately funded.

2  19. Plaintiff is informed and believes and based thereon alleges that Defendant CAM is solely owned by Defendant CARVALHO, and that CAM is influenced and governed by CARVALHO.

20. Plaintiff is informed and believes and based thereon alleges that CAM received payment from the electrical subcontractor on the Project for the equipment it purchased from Plaintiff and instead of paying Plaintiff for the equipment, CARVALHO diverted the funds possibly for his own benefit.

21. Plaintiff is informed and believes and based thereon alleges that CARVALHO used the corporate assets as his own.

22. As set forth herein, a unity of interest and ownership exists between the Defendant CAM and Defendant CARVALHO such that one is inseparable from the other and the facts of this matter demonstrate that adherence to the fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice and would therefore be inequitable.

23. Therefore, as CARVALHO is the alter ego of CAM, CARVALHO is liable for the damages suffered by Plaintiff, in an amount in excess of $10,000.00, together with fees, costs, and interest thereon pursuant to the terms of the Contract until paid in full and other such damage according to proof.

**FOURTH CAUSE OF ACTION**
**(CONVERSION AGAINST CARVALHO,**
**DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)**

24. Plaintiff repeats with the same force and effect paragraphs 1 through 23, as if set forth in full.

25. Plaintiff is informed and believes and based thereon alleges that Defendant CARVALHO received payment from the electrical subcontractor on the Project for the

-4-

equipment provided to Defendant by Plaintiff.

26. Defendant CARVALHO then issued payment to Plaintiff in the form of a check in the amount of $755,893.89.

27. Plaintiff deposited the check, but it was returned by the bank.

28. Plaintiff is informed and believes and based thereon alleges that Defendant CARVALHO stopped payment on the check.

29. Plaintiff then contacted Defendant CARVALHO to request that payment be reissued to Plaintiff for the equipment Plaintiff sold Defendant.

30. Defendant CARVALHO then again issued payment to Plaintiff in the form of a check in the amount of $755,893.89.

31. Plaintiff then presented this check to the bank upon which it was drawn, Nevada State Bank, and was informed that the account did not have sufficient funds to cover the check.

32. Plaintiff has attempted to contact Defendant CARVALHO numerous times and CARVALHO is not responding and has not issued payment.

33. As evidenced by Defendant CARVALHO twice purporting to make payment to Plaintiff for the equipment purchased, the money in CARVALHO's possession belongs to Plaintiff and Plaintiff has the right to possession of the money.

34. Defendant CARVALHO is wrongfully and intentionally exercising dominion and control over Plaintiff's property interfering with Plainitff's right to the property.

35. In keeping Plaintiff's money, Defendant CARVALHO is depriving Plaintiff of its use of the property.

36. Defendant CARVALHO's failure to pay Plaintiff has caused damages to Plaintiff in an amount in excess of $10,000.00, together with fees, costs, and interest thereon pursuant to the terms of the Contract until paid in full and other such damage according to

-5-

proof.

## FIFTH CAUSE OF ACTION
### (FRAUD AGAINST CAM, CARVALHO DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)

37. Plaintiff repeats with the same force and effect paragraphs 1 through 36, as if set forth in full.

38. Defendant CAM and Defendant CARVALHO represented to Plaintiff that they would pay for the equipment purchased with the monies received from the electrical subcontractor on the project, knowing that the money was to be held in trust for Plaintiff and paid to Plaintiff.

39. Defendant CAM and Defendant CARVALHO presented a check to Plaintiff purporting to pay Plaintiff for the equipment.

40. Plaintiff is informed and believes and based thereon alleges that Defendants did not intend to pay Plaintiff for the equipment.

41. Plaintiff is informed and believes and based there on alleges Defendants requested that the bank stop payment on the check and diverted the funds for their own use.

42. Plaintiff subsequently discovered that there were not sufficient funds to pay Plaintiff in Defendants' bank account.

43. Plaintiff relied to its detriment upon Defendants' false representations by supplying the equipment to the Project and executing a release.

44. Due to Defendant's Fraud as described above, Plaintiff has been damaged in a sum in excess of $10,000.00, together with fees, costs, and interest thereon as provided in the Contract until paid in full and other such damage according to proof.

45. Plaintiff is also entitled to punitive damages as a result of Plaintiff's fraudulent representations.

-6-

### SIXTH CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION AGAINST CAM, CARVALHO DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)

46. Plaintiff repeats with the same force and effect paragraphs 1 through 45, as if set forth in full.

47. Defendant CAM and Defendant CARVALHO represented to Plaintiff that they would pay for the equipment purchased with the monies received from the electrical subcontractor on the project, knowing that the money was to be held in trust for Plaintiff and paid to Plaintiff.

48. Defendant CAM and Defendant CARVALHO presented a check to Plaintiff purporting to pay Plaintiff for the equipment.

49. Plaintiff is informed and believes and based thereon alleges that Defendants did not intend to pay Plaintiff for the equipment or did not insure that they had sufficient funds to pay Plaintiff.

50. Plaintiff is informed and believes and based there on alleges, Defendants requested that the bank stop payment on the check.

51. Plaintiff subsequently discovered that there were not sufficient funds to pay Plaintiff in Defendants' bank account.

52. Plaintiff relied to its detriment upon Defendants' false representations by supplying the equipment to the Project and executing a release and has suffered damage as a result.

53. Defendants intended for Plaintiff to act on its representations and are therefore liable to Plaintiff for the damages Plaintiff suffered in reliance thereon.

54. Due to Defendant's Negligent Misrepresentation, Plaintiff has been damaged in a sum in excess of $10,000.00, together with fees, costs, and interest thereon as provided in the Contract until paid in full and other such damage according to proof.

## SEVENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT AGAINST DEFENDANTS, DOES 1-10, AND ROE CORPORATIONS 1-10, INCLUSIVE)

55. Plaintiff repeats with the same force and effect paragraphs 1 through 54, as if set forth in full.

56. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, have been unjustly enriched by the wrongful act of selling the equipment that was provided to Defendants by Plaintiff, and failing to pay Plaintiff for the equipment, and instead wrongfully retaining the funds they received to pay Plaintiff.

57. As such, said Defendants have been unjustly enriched to the detriment and damage of Plaintiff in a sum in excess of $10,000.00.

58. Plaintiff has retained the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred.

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory damages for an amount in excess of $10,000.00, together with interest thereon at the contractual rate until paid in full and other such damage according to proof;

2. For Punitive damages;

3. For reasonable attorneys fees and costs; and

///
///
///
///
///
///
///
///

-8-

4. For such other and further relief as this Court deems just and proper.

DATED: June 3, 2011

PEZZILLO ROBINSON

By:‎_____
Jennifer R. Lloyd-Robinson, Esq.
Nevada State Bar No. 9617
6750 Via Austi Parkway, Suite 170
Las Vegas, Nevada 89119
*Attorneys for Plaintiff,*
*Cashman Equipment Company*